## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.    )<br>)<br>)<br>ANTHONY J. CORSO,    )<br>PAUL DEVITO,    )<br>FRANK M. MARAZZO, JR.    )<br>    Defendants.    )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 95-10150-NMG<br><br>VIOLATIONS:<br><br>18 U.S.C. §1962(d)<br>(Racketeering Conspiracy)<br>18 U.S.C. §1962(c)<br>(Racketeering)<br>18 U.S.C. §1963(a)(1),<br>(2), (3) (Forfeiture)<br>18 U.S.C. §2314<br>(Interstate<br>Transportation of Stolen<br>Property)<br>18 U.S.C. §371<br>(Conspiracy)<br>18 U.S.C. § 1623<br>(Perjury)<br>18 U.S.C. §922(g)(1)<br>(Felon-in-Possession)<br>18 U.S.C. §924(c)(1)<br>(Using or Carrying a<br>Firearm During a Crime<br>of Violence) |

## SUPERSEDING INDICTMENT

<u>COUNT ONE:</u>   (18 U.S.C. §1962(d) - Racketeering Conspiracy)

The United States Grand Jury for the District of Massachusetts (the "Grand Jury") charges that at all times material to this Indictment:

### THE ENTERPRISE

1.   From a date unknown to the Grand Jury, but no later than 1990, to the present, in the District of Massachusetts and elsewhere, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, did constitute an Enterprise

within the meaning of Title 18, United States Code, Section
1961(4), that is, a group of individuals associated in fact which
engaged in various criminal activities, consisting of multiple
acts involving robbery in violation of Title 18, Pennsylvania
Consolidated Statutes, Section 3701, Florida Statutes, Sections
812.13(1) and 777.04(3), Massachusetts General Laws Chapter 265,
Section 19, and New York Penal Law Sections 105.13 and 160.15;
acts indictable under Title 18, United States Code, Section 2314
(relating to interstate transportation of stolen property); and
acts involving the felonious receiving, selling, or otherwise
dealing in controlled substances punishable under Title 21,
United States Code, Section 846.

THE RACKETEERING CONSPIRACY

2.    From a date unknown to the Grand Jury, but no later than
1990, to the present, in the District of Massachusetts and
elsewhere, defendant,

ANTHONY J. CORSO,

Michael P. Fosher, and others known and unknown to the Grand
Jury, being persons employed by and associated with the
Enterprise described in Paragraph One of this Count, did
unlawfully, wilfully and knowingly combine, conspire, confederate
and agree with each other and with persons known and unknown to
the Grand Jury to conduct and participate, directly and
indirectly, in the conduct of the affairs of the Enterprise,
which was engaged in and the activities of which affected
interstate commerce, through a pattern of racketeering activity,

2

in violation of Title 18, United States Code, Section 1962(c).

## MANNER AND MEANS
### BY WHICH THE RACKETEERING CONSPIRACY WAS CARRIED OUT

3.   It was part of the manner and means of this conspiracy that defendant, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did plan and commit robberies and home invasions and carry away stolen money and goods to divide among themselves.

4.   It was further part of the manner and means of this conspiracy that defendant, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did obtain and use threats of bodily harm, and exhibit firearms, to intimidate their victims and learn the whereabouts and combinations of safes and the whereabouts of other valuables.  In addition, they would and did use handcuffs, duct tape, "ties" and the like to restrain their victims while committing the robbery.

5.   It was further part of the manner and means of this conspiracy that on occasion defendant, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did target the homes of persons dealing in controlled substances.  They targeted such persons so as to minimize the likelihood that their victims would report the robbery or testify against them in the event that charges were brought.  In addition, it was part of the manner and means of the conspiracy that defendant ANTHONY J. CORSO and Michael P. Fosher sought to steal controlled substances both for their own use and for distribution to others.

3

6.  It was further part of the manner and means of this conspiracy that defendant, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did use ruses to gain entry to homes and commit robberies.  Where they believed that their victims were engaged in illegal activity, they would obtain and use badges, firearms, and search warrants and would impersonate law enforcement agents as a way of gaining entry to the home; when demanding money or drugs, they would tell the victims that they would be coming back with a police dog. Where they did not believe that their victims were engaged in illegal activity, they would purchase floral arrangements and pose as florist delivery men as a way of gaining entry to the home.

7.  It was further part of the manner and means of this conspiracy that defendant, ANTHONY J. CORSO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did corruptly endeavor to obstruct law enforcement investigations into their criminal activities.

<u>OVERT ACTS OF THE RACKETEERING CONSPIRACY</u>

<u>Overt acts relating to a robbery and home invasion
in Edgewood, Pennsylvania on or about April 6, 1991</u>

8.  On a date unknown to the Grand Jury, but in or about early 1991, persons known to the Grand Jury met and discussed robbing Brian Borodaty of Edgewood, Pennsylvania.  As part of this plan, one of the persons known to the Grand Jury stole two badges and gave them to another person known to the Grand Jury. After surveilling the house on several occasions and attempting,

4

unsuccessfully, to gain entry, one of the persons known to the Grand Jury told defendant ANTHONY J. CORSO about Brian Borodaty.

9.   On a date unknown to the Grand Jury, but in or about early 1991, defendant ANTHONY J. CORSO told Michael P. Fosher about Brian Borodaty.   Michael P. Fosher told defendant ANTHONY J. CORSO that he would pay for him to fly from Boston to Pittsburgh for the purpose of robbing Brian Borodaty and he subsequently made arrangements for airplane reservations for defendant ANTHONY J. CORSO with a travel agent located in Watertown, Massachusetts.

10.   On a date unknown to the Grand Jury, but in or about early April, 1991, defendant ANTHONY J. CORSO boarded a plane in Boston, Massachusetts and flew to Pittsburgh.

11.   On or about April 6, 1991, defendant ANTHONY J. CORSO and Michael P. Fosher entered the house of Brian Borodaty, in Edgewood, Pennsylvania.   They told him that they were agents of the federal Drug Enforcement Administration, that they had a search warrant, and that they wanted access to the safe.

12.   When Brian Borodaty had trouble opening the safe, Michael P. Fosher held a firearm to Brian Borodaty's head. Defendant ANTHONY J. CORSO and Michael P. Fosher then stole $30,000 in cash, more or less, and a baggie of cocaine from the safe.   They asked Borodaty where the rest of the drugs were, telling him that they would be back with a dog.   Before they left the house, they bound Brian Borodaty and his girlfriend with ties.

5

### Overt acts relating to a robbery and home invasion in Ft. Lauderdale, Florida on or about January 8, 1992

13.  On a date unknown to the Grand Jury, but in or about late December, 1991, Michael P. Fosher and persons known and unknown to the Grand Jury agreed to rob Patricia Hunt of Ft. Lauderdale, Florida.  Michael P. Fosher then telephoned Michael Chinn in Massachusetts and recruited him to participate in what Fosher described as a "big one" in Ft. Lauderdale.  Michael P. Fosher told him that he would pay his air fare from Boston to Ft. Lauderdale and subsequently made arrangements for airplane reservations for Michael Chinn and for defendant ANTHONY J. CORSO with a travel agent located in Watertown, Massachusetts.

14.  On or about January 6, 1992, defendant ANTHONY J. CORSO and Michael Chinn flew together from Boston, Massachusetts to Ft. Lauderdale, Florida, using tickets purchased by Michael P. Fosher.  Upon their arrival in Ft. Lauderdale, defendant ANTHONY J. CORSO, Michael P. Fosher and Michael Chinn met with persons known and unknown to the Grand Jury to discuss the robbery. After Michael P. Fosher attempted, unsuccessfully, to obtain firearms to be used in the robbery, they decided to gain entry to the house by posing as florist delivery men

15.  On or about January 6, 1992, Michael P. Fosher rented a white minivan from Avis Rent-A-Car.

16.  On a date unknown to the Grand Jury, but on or before January 8, 1992, the conspirators purchased a basket of carnations and gloves and "ties".

17.  On January 8, 1992, defendant ANTHONY J. CORSO, Michael

6

P. Fosher, and Michael Chinn drove the white minivan to the home
of Patricia Hunt, followed by a person known to the Grand Jury
who was driving a second vehicle containing a police scanner.
Defendant ANTHONY J. CORSO and Michael Chinn entered the home,
carrying a basket of carnations.

18.   While defendant ANTHONY J. CORSO and Michael Chinn were
in the home, they bound the wrists of Patricia Hunt with "ties".
Because they had difficulty opening the floor safe in the garage
of Patricia Hunt's home, Michael P. Fosher and the person driving
the second vehicle entered the garage to help them.

19.   When they opened the floor safe in the garage,
defendant ANTHONY J. CORSO and Michael P. Fosher stole gold coins
worth $500,000, more or less.   In addition, defendant ANTHONY J.
CORSO stole jewelry worth 30,000, more or less.

20.   When Michael P. Fosher saw that there was only $500,000
worth of gold coins in the floor safe, he told Michael Chinn,
within hearing of Patricia Hunt, to shoot her if she did not tell
him where the "other safe" was.

21.   After the robbery, Michael P. Fosher arranged to melt
down some of the coins taken in the robbery in Florida.
Thereafter, Michael P. Fosher gave $30,000 in cash, more or less,
to Michael Chinn who transported that cash from Ft. Lauderdale,
Florida to Boston, Massachusetts in January, 1992.   At a later
time, on a date unknown to the Grand Jury but in or about
January, 1992, Michael P. Fosher gave additional installments of
the proceeds of the robbery in Ft. Lauderdale  --  consisting of

cash, in the amount of $20,000, more or less  --  to Michael
Chinn who carried the cash from Florida back to Massachusetts.

22.   After the robbery and in or about mid-January, 1992,
defendant ANTHONY J. CORSO approached a person known to the Grand
Jury in Cambridge, Massachusetts and asked him to buy some gold
coins (which had been taken in the robbery in Ft. Lauderdale).
That person, who did not deal in coins, referred defendant
ANTHONY J. CORSO to another person known to the Grand Jury in the
Jeweler's Building at 333 Washington Street, Boston,
Massachusetts.

23.   Defendant ANTHONY J. CORSO then visited that person in
the Jeweler's Building and asked him to buy gold coins.   On that
date, or a later date, defendant ANTHONY J. CORSO showed the
coins to the person known to the Grand Jury in the Jeweler's
Building.   Defendant ANTHONY J. CORSO told the person known to
the Grand Jury that he wanted to be paid in cash.   The person
known to the Grand Jury priced the gold in the coins at $80,000,
more or less, and told defendant ANTHONY J. CORSO that he would
make arrangements to have the coins melted down in New York City.

24.   Defendant ANTHONY J. CORSO caused the person known to
the Grand Jury, on or about January 24, 1992, to transport the
coins to New York City where he sold the gold in the coins.   When
the person known to the Grand Jury returned to Boston, he gave
$74,000 in cash, more or less, to defendant ANTHONY J. CORSO.

### Overt acts relating to a robbery and home invasion
### in Brookline, Massachusetts on or about April 5, 1993

25.   On a date unknown to the Grand Jury, but in or about

8

April 2, 1993, Michael P. Fosher spoke with a person known to the Grand Jury in Chestnut Hill, Massachusetts about an individual visiting a house in Brookline.  The visitor was believed to have a large quantity of drugs and cash on the premises where he was staying.

26.  On a date unknown to the Grand Jury, but in or about April, 1993, Michael P. Fosher recruited defendant ANTHONY J. CORSO and Paul DeVito to commit a robbery in Brookline, Massachusetts.

27.  On April 5, 1993, defendant ANTHONY J. CORSO, Michael P. Fosher and Paul DeVito drove to Brookline, Massachusetts in a White Acura Legend sedan usually used by defendant ANTHONY J. CORSO.  On their way, they called a person known to the Grand Jury to ask for directions and also placed a telephone call to the target premises in Brookline, Massachusetts to ask whether the person they believed to be the drug dealer was home.

28.  On April 5, 1993, defendant ANTHONY J. CORSO, Michael P. Fosher and Paul DeVito invaded the target premises in Brookline, Massachusetts and robbed the occupants of at least $11,000 in cash, more or less.  They claimed to be agents from the federal Drug Enforcement Administration and Boston Police Officers who were members of a task force.  Michael P. Fosher carried a badge and two of them carried firearms.  As they were leaving the premises, they claimed that they would be back with a police dog.  While driving away from the target premises, Michael P. Fosher threw a firearm out of the White Acura Legend sedan.

29.  On April 5, 1993, defendant ANTHONY J. CORSO, Michael P. Fosher and Paul DeVito caused Frank M. Marazzo, Jr. to make a false report to the police that the White Acura Legend sedan had been stolen.  They abandoned the White Acura Legend sedan, removing its license plate so at to eliminate the likelihood that it would be found by the police.  Defendant ANTHONY J. CORSO further made arrangements to have the car towed to a car dealership in Foxboro, Massachusetts.

### Overt acts relating to attempted robberies and home invasions in Sheepshead Bay, New York and Homestead, Florida

30.  On a date unknown to the Grand Jury, defendant ANTHONY J. CORSO and Michael P. Fosher and other persons known to the grand jury planned a home invasion in Sheepshead Bay, New York. Defendant ANTHONY J. CORSO flew from Boston, Massachusetts to a New York airport where he met Michael P. Fosher and two other persons known to the Grand Jury.  The following day they drove to the target premises, stopping to buy flowers.  Defendant ANTHONY J. CORSO and Michael P. Fosher planned to invade the home by posing as florist delivery men and commit the robbery.  When the victims were not home and they were unable to disarm the alarm, they abandoned their plan.

31.  On a date unknown to the Grand Jury, defendant ANTHONY J. CORSO, Michael P. Fosher and other persons known and unknown to the grand jury planned a home invasion in Homestead, Florida. The person residing in the home was believed to have a large quantity of cocaine on the premises.  A person known to the Grand Jury photographed the target premises and the defendant ANTHONY

10

J. CORSO and others drove by it. Because of the heavy security surrounding the house, they abandoned their plan.

## THE ACTS OF RACKETEERING

32. It was part of the conspiracy that defendant, ANTHONY J. CORSO, agreed to personally commit at least two acts of racketeering in the conduct of the affairs of the Enterprise. The pattern of racketeering activity set forth below, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), through which he agreed to conduct and participate in the affairs of the Enterprise consisted of multiple acts involving robbery in violation of Title 18, Pennsylvania Consolidated Statutes, Section 3701, Florida Statutes, Sections 812.13(1) and 777.04(3), Massachusetts General Laws Chapter 265, Section 19, and New York Penal Law Sections 105.13 and 160.15; acts indictable under Title 18, United States Code, Section 2314 (relating to interstate transportation of stolen property); and acts involving the felonious receiving, selling, or otherwise dealing in controlled substances punishable under Title 21, United States Code, Section 846.

<u>RACKETEERING ACT NO. 1</u>

33.  The defendant ANTHONY J. CORSO committed the following
acts, either one of which alone constitutes the commission of
Racketeering Act No. 1.

<u>RACKETEERING ACT NO. 1(A)</u>

On or about April 6, 1991, in Edgewood, Pennsylvania, the
defendant,

ANTHONY J. CORSO,

robbed Brian Borodaty and aided, abetted, induced and caused
Michael P. Fosher to rob Brian Borodaty of cash, in the amount of
$30,000, more or less, and controlled substances, in that in the
course of unlawfully taking that money and controlled substances,
with intent to deprive him thereof, they threatened Brian
Borodaty and his girlfriend with serious bodily injury and put
them in fear of serious bodily injury.

In violation of 18 Pennsylvania Consolidated Statutes, section
3701(a)(1).

<u>RACKETEERING ACT NO. 1(B)</u>

From a date unknown to the Grand Jury through in or about
April 7, 1991, in Edgewood, and elsewhere in the Western District
of Pennsylvania, the defendant,

ANTHONY J. CORSO,

Michael P. Fosher, and others known and unknown to the Grand
Jury, did unlawfully, wilfully and knowingly combine, conspire,

12

confederate and agree and attempt to knowingly and intentionally distribute and possess with intent to distribute, a controlled substance, to wit, cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

13

## RACKETEERING ACT NO. 2

34.   The defendant ANTHONY J. CORSO committed the following acts, any one of which alone constitutes the commission of Racketeering Act No. 2.

### RACKETEERING ACT NO. 2(A)

On or about January 8, 1992, in Ft. Lauderdale and elsewhere, in the Southern District of Florida, the defendant,

ANTHONY J. CORSO,

did take, and aided, abetted, induced and caused Michael P. Fosher to take, gold coins worth $500,000.00, more or less, and jewelry worth $30,000, more or less, from the person and custody of Patricia Hunt, when in the course of the taking there was the use of force, assault, and putting in fear.


In violation of Florida Statutes, Section 812.13.

### RACKETEERING ACTS NOS. 2(B)-(E)

On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendant,

ANTHONY J. CORSO,

transported, transmitted and transferred in interstate commerce and aided, abetted, induced and caused persons known to the Grand Jury, to transport, transmit and transfer in interstate commerce, the property and money described below, knowing the same to have been stolen in the course of a robbery in Ft. Lauderdale, Florida:

14

| Racketeering Act | Date (on or about) | Item(s) transported, transmitted and transferred | Person who transported, transmitted and transferred the item(s) from and to |
|---|---|---|---|
| 2(B) | January, 1992 | Gold coins worth $80,000, more or less | ANTHONY J. CORSO (from Florida to Massachusetts) |
| 2(C) | January, 1992 | Cash money in the amount of $30,000, more or less | Michael Chinn (from Florida to Massachusetts) |
| 2(D) | January, 1992 | Cash money in the amount of $20,000, more or less | Michael Chinn (from Florida to Massachusetts) |
| 2(E) | January 24, 1992 | Gold coins worth more than $5,000 | A person known to the Grand Jury (from Massachusetts to New York) |

In violation of Title 18, United States Code, Sections 2314 and 2.

## RACKETEERING ACT NO. 3

35.  The defendant ANTHONY J. CORSO committed the following act.

On or about April 5, 1993, at Brookline, in the District of Massachusetts, the defendant,

ANTHONY J. CORSO,

being armed with a dangerous weapon, did assault, and aided, abetted, induced and caused persons known to the Grand Jury, being armed with a dangerous weapon, to assault Larry Cushing, Mona Saltalamacchia, Geraldine Randolph Cushing, Jane Randolph Rengifo, and two minor children of Jane Randolph Rengifo, and rob, steal, and take from their persons cash money in the amount of $11,000, more or less.

In violation of Massachusetts General laws Chapter 265, Section 17.

16

### RACKETEERING ACT NO. 4

36.   The defendant ANTHONY J. CORSO committed the following acts, either one of which alone constitutes the commission of Racketeering Act No. 4.

### RACKETEERING ACT NO. 4(A)

On a date unknown to the Grand Jury, but in or about 1992-1993, in the Southern District of Florida, the defendant,

### ANTHONY J. CORSO,

Michael P. Fosher, and others known and unknown to the Grand Jury did conspire, combine, confederate and agree with each other to take money from the person and custody of a person unknown to the Grand Jury in Homestead, Florida by using, in the course of the taking, force, assault, and putting in fear, and, in furtherance thereof, an overt act was committed by one of the conspirators, in violation of Florida Statutes Chapter 812.13(1).

In violation of Florida Statutes, Section 777.04(3).

### RACKETEERING ACT NO. 4(B)

On a date unknown to the Grand Jury, but in or about 1992-1993, in the Eastern District of New York, the defendant,

### ANTHONY J. CORSO,

Michael P. Fosher, and others known and unknown to the Grand Jury did conspire, combine, confederate and agree with each other to forcibly steal property and commit robbery by taking money from the person and custody of a person unknown to the Grand Jury in

17

Sheepshead Bay, New York and to use and to threaten the immediate use of physical force upon that person for the purpose of preventing and overcoming that person's resistance to the taking of the property and to compel that person to deliver up the property and to engage in other conduct which aids in the commission of the taking, and, in furtherance thereof, an overt act was committed by one of the conspirators, in violation of New York Penal Law Section 160.15.

In violation of New York Penal Law Section 105.13.

All in violation of Title 18, United States Code, Section 1962(d).

18

COUNT TWO:   (18 U.S.C. §1962(c) - Racketeering)

The Grand Jury further charges that:

1.   The allegations contained in Paragraph One of Count One of this Indictment are realleged and incorporated in this Count Two by reference as though fully set forth herein.

2.   From a date unknown to the Grand Jury, but no later than 1990, to the present, in the District of Massachusetts and elsewhere, the defendant,

ANTHONY J. CORSO,

Michael P. Fosher, and others known and unknown to the Grand Jury, being persons employed by and associated with the Enterprise described in Paragraph One of Count One of this Indictment, did unlawfully, wilfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in and the activities of which affected interstate commerce, through a pattern of racketeering activity.

3.   The pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendant ANTHONY J. CORSO conducted and participated in the conduct of the affairs of the Enterprise consisted of multiple acts involving robbery in violation of Title 18, Pennsylvania Consolidated Statutes, Section 3701, Florida Statutes, Sections 812.13(1) and 777.04(3), Massachusetts General Laws Chapter 265, Section 19, and New York Penal Law Sections 105.13 and 160.15; acts indictable under Title 18,

19

United States Code, Section 2314 (relating to interstate transportation of stolen property); and acts involving the felonious receiving, selling, or otherwise dealing in controlled substances punishable under Title 21, United States Code, Section 846, the acts constituting said pattern of racketeering activity being those acts described in Paragraphs 33-36 of Count One of this Indictment, the allegations of which are incorporated in this Count Two by reference as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1962(c).

## FORFEITURE

1.    The allegations of Counts One and Two of this
Indictment are incorporated by reference for the purpose of
alleging forfeiture pursuant to the provisions of Title 18,
United States Code, Section 1963.

2.    The defendant ANTHONY J. CORSO has:

(i)   interests which he has acquired and maintained in
violation of Title 18, United States Code, Section 1962, all
of which interests, wherever located, are therefore subject
to forfeiture to the United States of America pursuant to
Title 18, United States Code, Section 1963(a)(1); and

(ii)  property constituting and derived from proceeds which
he has obtained, directly and indirectly, from racketeering
activity in violation of Title 18, United States Code,
Section 1962, thereby making such property forfeitable to
the United States of America pursuant to Title 18, United
States Code, Section 1963(a)(3).

Such forfeitable interests and property include, but are not
limited to, at least $571,000.

3.    If any of the property described in paragraphs 1 through
2, as a result of any act or omission of the defendant

       a.    cannot be located upon the exercise of due
diligence;

       b.    has been transferred or sold to, or deposited with,
a third party;

            c.    has been placed beyond the jurisdiction of the

21

court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be divided without difficulty, the United States intends to seek forfeiture of any other property of the defendant up to the value of any property described above pursuant to Title 18, United States Code, Section 1963(m).

All pursuant to Title 18, United States Code, Section 1963.

COUNT THREE:   (18 U.S.C. §2314 - Interstate Transportation of Stolen Money and Property)

The Grand Jury further charges that:

On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendant,

ANTHONY J. CORSO

transported, transmitted and transferred in interstate commerce and aided, abetted, induced and caused persons known to the Grand Jury, to transport, transmit and transfer in interstate commerce, the property and money described below, knowing the same to have been stolen in the course of a robbery in Ft. Lauderdale, Florida:

| Subpart of Count Three | Date (on or about) | Item(s) transported, transmitted and transferred | Person who transported, transmitted and transferred the item(s) from and to |
|---|---|---|---|
| (a) | January, 1992 | Gold coins worth $80,000, more or less | ANTHONY J. CORSO (from Florida to Massachusetts) |
| (b) | January, 1992 | Cash money in the amount of $30,000, more or less | Michael Chinn (from Florida to Massachusetts) |
| (c) | January, 1992 | Cash money in the amount of $20,000, more or less | Michael Chinn (from Florida to Massachusetts) |
| (d) | January 24, 1992 | Gold coins worth more | A person known to the |

|             |                                                      |
| ----------- | ---------------------------------------------------- |
| than $5,000 | Grand Jury (from Massachu- setts to New York)        |

All in violation of Title 18, United States Code, Sections 2314 and 2.

COUNT FOUR:   (18 U.S.C. §371 - Conspiracy)

The Grand Jury further charges that:

1.   From a date unknown to the Grand Jury, but no later than early 1991, to the present, in the District of Massachusetts, the defendants,

ANTHONY J. CORSO

and

PAUL DEVITO,

and Michael P. Fosher, and persons known and unknown to the Grand Jury, did unlawfully, wilfully and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit offenses against the United States, that is, to falsely assume and pretend to be an officer and employee acting under the authority of the United States and any department, agency and officer thereof, and to act as such, and in such pretended character to demand and obtain money and other things of value, in violation of Title 18, United States Code, Section 912.

MANNER AND MEANS
BY WHICH THE CONSPIRACY WAS CARRIED OUT

2.   It was part of the manner and means of this conspiracy that defendants, ANTHONY J. CORSO and PAUL DEVITO, Michael P. Fosher, and others known and unknown to the Grand Jury, would and did plan and commit robberies and home invasions and carry away stolen money and goods to divide among themselves.

3.   It was further part of the manner and means of this conspiracy that defendants, ANTHONY J. CORSO and PAUL DEVITO, and

25

Michael P. Fosher, and others known and unknown to the Grand Jury, would and did obtain and use threats of bodily harm or exhibit firearms, to intimidate their victims and learn the whereabouts and combinations of safes or the whereabouts of other valuables.  In addition, they would and did use handcuffs, duct tape, "ties" and the like to restrain their victims while committing the robbery.

4.   It was further part of the manner and means of this conspiracy that defendants, ANTHONY J. CORSO and PAUL DEVITO, and Michael P. Fosher, and others known and unknown to the Grand Jury, would and did target the homes of persons dealing in controlled substances.  The defendants targeted such persons so as to minimize the likelihood that their victims would report the robbery or testify against them in the event that charges were brought.  In addition, it was part of the manner and means of the conspiracy that defendants sought to steal controlled substances both for their own use and for distribution to others.

5.   It was further part of the manner and means of this conspiracy that defendants, ANTHONY J. CORSO and PAUL DEVITO, and Michael P. Fosher would obtain and use badges, firearms, and search warrants and would impersonate federal law enforcement agents as a way of gaining entry to the home; when demanding money or drugs, they would tell the victims that they would be coming back with a police dog.

6.   It was further part of the manner and means of this conspiracy that defendants, ANTHONY J. CORSO and PAUL DEVITO, and

26

Michael P. Fosher would and did corruptly endeavor to obstruct law enforcement investigations into their criminal activities.

## OVERT ACTS OF THE CONSPIRACY

### Overt acts relating to a robbery and home invasion in Edgewood, Pennsylvania on or about April 6, 1991

7. On a date unknown to the Grand Jury, but in or about early 1991, persons known to the Grand Jury met and discussed robbing Brian Borodaty of Edgewood, Pennsylvania. As part of this plan, one of the persons known to the Grand Jury stole two badges and gave them to another person known to the Grand Jury. After surveilling the house on several occasions and attempting, unsuccessfully, to gain entry, one of the persons known to the Grand Jury told defendant ANTHONY J. CORSO about Brian Borodaty.

8. On a date unknown to the Grand Jury, but in or about early 1991, defendant ANTHONY J. CORSO told Michael P. Fosher about Brian Borodaty. Michael P. Fosher told defendant ANTHONY J. CORSO that he would pay for him to fly from Boston to Pittsburgh for the purpose of robbing Brian Borodaty and he subsequently made arrangements for airplane reservations for defendant ANTHONY J. CORSO with a travel agent located in Watertown, Massachusetts.

9. On a date unknown to the Grand Jury, but in or about early April, 1991, defendant ANTHONY J. CORSO boarded a plane in Boston, Massachusetts and flew to Pittsburgh.

10. On or about April 6, 1991, defendant ANTHONY J. CORSO and Michael P. Fosher entered the house of Brian Borodaty, in Edgewood, Pennsylvania. They told him that they were agents of

27

the federal Drug Enforcement Administration, that they had a
search warrant, and that they wanted access to the safe.

11.  When Brian Borodaty had trouble opening the safe,
Michael P. Fosher held a firearm to Brian Borodaty's head.
Defendant ANTHONY J. CORSO and Michael P. Fosher then stole
$30,000 in cash, more or less, and a baggie of cocaine from the
safe.  They asked Borodaty where the rest of the drugs were,
telling him that they would be back with a dog.  Before they left
the house, they bound Brian Borodaty and his girlfriend with
ties.

### Overt acts relating to a robbery and home invasion in Brookline, Massachusetts on or about April 5, 1993

12.  On a date unknown to the Grand Jury, but in or about
April 2, 1993, Michael P. Fosher spoke with a person known to the
Grand Jury in Chestnut Hill, Massachusetts about an individual
visiting a house in Brookline.  The visitor was believed to have
a large quantity of drugs and cash on the premises where he was
staying.

13  On a date unknown to the Grand Jury, but in or about
April, 1993, Michael P. Fosher recruited defendants ANTHONY J.
CORSO and PAUL DEVITO to commit a robbery in Brookline,
Massachusetts.

14.  On April 5, 1993, defendants, ANTHONY J. CORSO and PAUL
DEVITO, and Michael P. Fosher drove to Brookline, Massachusetts
in a White Acura Legend sedan usually used by defendant ANTHONY
J. CORSO.  On their way, they called a person known to the Grand
Jury to ask for directions and also placed a telephone call to

28

the target premises in Brookline, Massachusetts to ask whether the person they believed to be the drug dealer was home.

15.   On April 5, 1993, defendants, ANTHONY J. CORSO and PAUL DEVITO, and Michael P. Fosher invaded the target premises in Brookline, Massachusetts and robbed the occupants of at least $11,000 in cash, more or less.   They claimed to be agents from the federal Drug Enforcement Administration and Boston Police Officers who were members of a task force.   Michael P. Fosher carried a badge and two of them carried firearms.   As they were leaving the premises, they claimed that they would be back with a police dog.   While driving away from the target premises, Michael P. Fosher threw a firearm out of the White Acura Legend sedan.

16.   On April 5, 1993, defendants, ANTHONY J. CORSO and PAUL DEVITO, and Michael P. Fosher caused Frank M. Marazzo, Jr. to make a false report to the police that the White Acura Legend sedan had been stolen.   They abandoned the White Acura Legend sedan, removing its license plate so at to minimize the likelihood that it would be found by the police.   Defendant ANTHONY J. CORSO further made arrangements to have the car towed to a car dealership in Foxboro, Massachusetts.


All in violation of Title 18, United States Code, Section 371.


29

COUNT FIVE:   (18 U.S.C. §1623 - Perjury)

The Grand Jury further charges:

1.   From in or about February, 1995 to the present, the
Grand Jury was conducting an investigation into allegations that
Anthony J. Corso, Michael P. Fosher, and others, did constitute
an Enterprise within the meaning of Title 18, United States Code,
Section 1961(4), that is, a group of individuals associated in
fact which engaged in various criminal activities, consisting of
multiple acts involving robbery in violation of Title 18,
Pennsylvania Consolidated Statutes, Section 3701, Florida
Statutes, Sections 812.13(1) and 777.04(3), Massachusetts General
Laws Chapter 265, Section 19, and New York Penal Law Sections
105.13 and 160.15; and acts indictable under Title 18, United
States Code, Section 2314 (relating to interstate transportation
of stolen property), and had engaged in a pattern of racketeering
activity, in possible violation of 18 U.S.C. §1962
(racketeering).  The Grand Jury was also investigating whether
ANTHONY J. CORSO, Michael P. Fosher, and others had committed
robberies while falsely assuming or pretending to be an officer
or employee acting under the authority of the United States or
any department, agency or officer thereof, in possible violation
of 18 U.S.C. §912, and had transported, transmitted, and
transferred in interstate commerce any goods or money of the
value of $5,000 or more, knowing the same to have been stolen, in
possible violation of 18 U.S.C. §2314.

2.   It was material to the Grand Jury's investigation to

30

determine who participated in the home invasion/robbery in Brookline, MA on or about April 5, 1993 and whether they were driving a white Acura Legend sedan.

3.   On April 6, 1995, in the District of Massachusetts, the defendant,

FRANK M. MARAZZO, JR.,

while under oath as a witness before the Grand Jury, did knowingly make false material declarations, in that he testified that on April 5, 1993 he had been driving the white Acura Legend sedan usually driven by Anthony J. Corso, and had returned to where he had parked it only to find it stolen, when in truth and in fact, as he then and there well knew and believed, this testimony was false in that he had not borrowed the car that day, had not driven the car that day, but rather had been asked to report it stolen as part of an effort to create an alibi for Anthony J. Corso, Paul DeVito, and Michael P. Fosher after they had used the white Acura in the course of their getaway from a home invasion/robbery on Brook Street, Brookline, Massachusetts on or about April 5, 1993.

All in violation of Title 18, United States Code, Section 1623.

COUNT SIX:   (18 U.S.C. §1623 - Perjury)

The Grand Jury further charges:

1.   The Grand Jury repeats and realleges the allegations contained in paragraph One of Count Five as though fully set forth and realleged herein.

2.   It was material to the Grand Jury's investigation to determine whether defendant, ANTHONY J. CORSO, had participated in home invasions and robberies with Michael P. Fosher and others.

3.   On March 9, 1995, in the District of Massachusetts, the defendant,

ANTHONY J. CORSO,

while under oath as a witness before the Grand Jury, did knowingly make false material declarations, in that he testified as follows:

Q:  Did you ever participate in any home invasion, sir, in Ft. Lauderdale, Florida?

A:  No.

***

Q:  Have you ever participated, sir, in any home invasion anywhere?

A:  No.

b.   The above testimony of defendant ANTHONY J. CORSO, as he then and there well knew and believed, was false in that he had participated in home invasions with Michael P. Fosher and others, as follows:  in Edgewood, Pennsylvania on or about April 6, 1991; in Ft.

32

Lauderdale, Florida on or about January 8, 1992; in

Brookline, Massachusetts on or about April 5, 1993.

All in violation of Title 18, United States Code, Section 1623.

<u>COUNT SEVEN:</u>   (18 U.S.C. §922(g) - Felon-in-Possession)

The Grand Jury further charges that:

On or about September 12, 1993, at Cambridge, in the District of Massachusetts, defendant

ANTHONY J. CORSO,

having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a semi-automatic intratec 9 mm luger model Tec-9, Serial #073872.

All in violation of Title 18, United States Code, Section 922(g)(1).

34

COUNT EIGHT:   (18 U.S.C. §924(c)(1) - Carrying a Firearm During
               and in Relation to a Crime of Violence)

The Grand Jury further charges that:

On or about September 12, 1993, at Cambridge, in the
District of Massachusetts, defendant

ANTHONY J. CORSO,

did knowingly and intentionally use and carry a firearm,

specifically, a semi-automatic intratec 9 mm luger model Tec-9,

Serial #073872, during and in relation to a crime of violence, to

wit, the robbery of HMV Records, in violation of Tile 18, United

States Code, Section 1951.


All in violation of Title 18, United States Code, Section

924(c)(1).

<u>COUNT NINE:</u>     (18 U.S.C. §1623 - Perjury)

The Grand Jury further charges:

1.   The Grand Jury repeats and realleges the allegations contained in Paragraph One of Count Five of this Indictment as though fully set forth and realleged herein.

2.   It was material to the Grand Jury's investigation to determine whether defendant, PAUL DEVITO, had participated in home invasions and robberies with Anthony J. Corso, Michael P. Fosher, and others.

3.   On May 17, 1995, in the District of Massachusetts, the defendant,

PAUL DEVITO,

while under oath as a witness before the Grand Jury, did knowingly make false material declarations, in that he testified as follows:

> Q:   Now, let me direct your attention, sir, to the spring of 1993.
>
>      In April of 1993, sir, at any time, did you drive someplace in a White Acura Legend sedan with Mr. Anthony Corso and Mr. Michael Fosher?
>
> A:   Even as far back as you're saying, <u>I know I didn't, no, because I never socialized with Anthony Corso.  The answer would be no.</u>
>
> Q:   Did you ever go to a house in Brookline, Massachusetts, with Mr. Anthony Corso and Mr. Michael Fosher?
>
> A:   <u>No, I did not.</u>
>
> Q:   Did you ever participate in a home invasion in Brookline, Massachusetts, with Anthony Corso  ---
>
> A:   <u>Absolutely not.</u>

36

Q:    ---  or Michael Fosher?

A:    <u>Absolutely not.</u>

Q:    Have you ever been in a house on Brook Street in
      Brookline, Massachusetts?

A:    <u>Absolutely not.</u>

                    ***

Q:    So it's your testimony, sir, that the first time
      you spoke with Mr. Fosher about any home invasion
      in Brookline was after Mr. Fosher's arrest?

A:    <u>I believe that's accurate.  He was calling me from
      the -- jail, collect from the jail.</u>

                    ***

Q:    Sir, can you tell the Grand Jury why it might be
      that Mr. Fosher has said that you participated in
      this home invasion in Brookline with him and
      Anthony Corso?

A:    Can I tell the Grand Jury why Mr. Fosher said that
      I participated?

Q:    You say you weren't there and I ---

A:    That's correct.

Q:    And I'm asking you:  Why would it be that Mr.
      Fosher would say that you were there ---

A:    I have no idea.

Q:    --- if in fact you were not there?

A:    <u>I have no idea. I was not there.</u>


b.   The above underscored testimony of defendant PAUL

     DEVITO, as he then and there well knew and believed,

     was false in that he had participated in a home

     invasion/robbery with Anthony J. Corso and Michael P.

     Fosher in a house on Brook Street, Brookline,

                        37

Massachusetts on or about April 5, 1993, that he drove
there with them in a White Acura Legend sedan, and that
he had spoken about that robbery with Michael P. Fosher
before Michael P. Fosher's arrest.

All in violation of Title 18, United States Code, Section 1623.

COUNT TEN:    (18 U.S.C. §1623 - Perjury)

The Grand Jury further charges:

1. The Grand Jury repeats and realleges the allegations
contained in Paragraph One of Count Five of this Indictment as
though fully set forth and realleged herein.

2.  It was material to the Grand Jury's investigation to
determine whether Anthony J. Corso or Michael P. Fosher had
carried a firearm in a home invasion/robbery in Brookline, MA on
or about April 5, 1993.

3.  On May 17, 1995, in the District of Massachusetts, the
defendant,

PAUL DEVITO,

while under oath as a witness before the Grand Jury, did
knowingly make false material declarations, in that he testified
as follows:

> Q:    Have you ever seen Mr. Fosher or Mr.
>       Corso with a firearm?
>
> A:    <u>No, I haven't.</u>
>
> Q:    Were you ever with Mr. Fosher and Mr. Corso in a
>       car out of which a firearm was thrown?
>
> A:    <u>No, I was not.</u>

b.    The above testimony of defendant PAUL DEVITO, as he
      then and there well knew and believed, was false in
      that he had participated in a home invasion/robbery
      with Anthony J. Corso and Michael P. Fosher in a house
      on Brook Street, Brookline, Massachusetts on or about
      April 5, 1993 and Anthony J. Corso was then carrying a

39

firearm and, as the three of them were fleeing the scene in a white Acura, a firearm was thrown from the car.

All in violation of Title 18, United States Code, Section 1623.